## A. B. KIRSCHBAUM CO. v. UNITED STATES.

### No. 4515.

Circuit Court of Appeals, Third Circuit.

Sept. 22, 1931.

James Craig Peacock, of Philadelphia, Pa., and C. E. Koss, of New York City (Proskauer, Rose & Paskus, of New York City, of counsel), for appellant.

Paul Freeman, of Philadelphia, Pa., for the United States.

Before BUFFINGTON and THOMPSON, Circuit Judges, and THOMSON, District Judge.

BUFFINGTON, Circuit Judge.

This case turns on the question whether the income here in question met the statutory requirement of being "derived from" or "attributable to" a certain war contract dated April 18, 1918, between the United States government and A. B. Kirschbaum Company, which contract provided for the latter making for the former 300,000 soldiers' woolen coats. On February 5, 1919, the government and the contractor canceled the contract. At that time a large number of coats had been made and delivered and a large number had not been made but were either in process of making or material had been bought from which it was expected they would be made. In pursuance of this settlement a written agreement was made by which the United States agreed and subsequently paid, as provided in such agreement, "to the contractor the sum of One hundred nine thousand, six hundred fifteen dollars and sixty cents ($109,615.60), which sum, together with payment for the finished articles of work heretofore delivered to the United States and not yet paid for, shall constitute full and final compensation for articles of work delivered, services rendered, and expenditures incurred by the contractor under the original contract."

The case narrows down to the question

whether the $109,615.60 received by the taxpayer fell within the noted statutory requirement, in that it was "derived from" or is "attributable to" the original war contract, or is to be regarded as income "derived from" or "attributable to" an independent contract, namely, the award heretofore referred to. In that regard the court below held [43 F.(2d) 161, 162]: "The laws to be here construed impose a tax on incomes, and a taxable income implies gains. These gains must have a source, and the source which Congress had in mind was a war contract. Congress chose the phrases 'derived from' and 'attributable to' war contracts. Were the gains which came to the plaintiff 'derived from' or 'attributable to' the war contract into which it had entered? The taxing officials and the Board of Tax Appeals held that they were, and we think they rightly so held. Clearly if there had been no such contract there would have been no gains. The truth, to which we agree, that the legal remedy of the plaintiff, if it had been compelled to enforce its contractual rights through and by an action at law, would have been upon the second contract, does not change the other truth that the source of the gains recovered would have been the earlier war contract."

We agree with that view, and therefore affirm the judgment.